JEAUNIN<br>v.<br>MILLAUDON ET AL.

---

## H. KELLOGG v. J. P. McMILLAN AND WIFE.

The defendant, in a petitory action, is estopped from setting up the irregularities in a Sheriff's sale, after a formal recognition of the title of the plaintiff's vendor under that sale.

APPEAL from the Third District Court of the Parish of Jefferson, *Clarke*, J.
*V. F. & J. B. Cotton*, for plaintiff.

*Purvis & Dugué*, for defendant and appellant:

It is plain that this judgment* is impossible of execution, for uncertainty, and must therefore be reversed.

A judgment, condemning the defendant to pay rent from the inception of the suit until he surrender possession of the premises, is erroneous, as there is no way by which the Sheriff can ascertain whether defendant held possession beyond the date of the judgment, or for how long. 2 L. 405. 7 L. 409.

BUCHANAN, J. This is a petitory action. The plaintiff proves title from *Elisha Crocker*, who purchased at Sheriff's sale, in execution of a judgment against Mrs. *McMillan*, one of the defendants. The latter has argued, by counsel, before this court, that the proceedings which resulted in the sale by the Sheriff, were irregular and void; but it is unnecessary to go into an examination of this ground of defence, inasmuch as the record shows a formal recognition of *Crocker's* title, under the said Sheriff's sale, made by both the defendants in a notarial act of sale from *Elisha Crocker* to Mrs. *McMillan*; in which conveyance, the Sheriff's sale in question is recited as the basis of *Crocker's* title. This recognition was mad e several months before the presen suit was brought.

We think that justice has been done by the judgment of the District Court, which is therefore affirmed, with costs.

---

## D. ADAMS v. D. N. HENNING and J. G. FANNING, Sheriff.

The delivery which is essential to vest a complete title in the transferree, as regards third persons, of a debt not evidenced by a negotiable instrument, is effected by giving notice to the debtor, of the transfer having taken place. C. C. 2613. The knowledge, which it is shown the judgment debtor's attorney of record had of the transfer, does not answer the requisite of the law in this respect.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Dorsey*, for plaintiff. *D. N. Hennen*, for defendant and appellant.

OGDEN, J. The plaintiff, as transferree of a judgment obtained in the Third Judicial District Court of the parish of Jefferson, by *W. B. Hayden* against

---

* *Judgment of the District Court.*—It is ordered and adjudged, that the plaintiff be recognized and decreed to be the owner of the lot and the property described in his petition, and that he be put into possession by the Sheriff as prayed, and recover from the defendants *in solido* rent for the use of the premises, at the rate of twenty-five dollars per month, from June 9, 1852, until the plaintiff is put into possession, with costs of this suit.

one *James Fisk*, has enjoined the defendant from proceeding any further with an execution issued under a judgment which the defendant obtained against *Hayden* before the same court, and by virtue of which the Sheriff of the parish of Jefferson, was proceeding to sell the same judgment as the property of *Hayden*, to satisfy the defendant's execution.

The defendant, *Hennen*, obtained his judgment against *Hayden*, in 1850, and the transfer by *Hayden* to the plaintiff, of the judgment against *Fisk*, was made on the 15th of April, 1853, and no notice of the transfer has ever been given to the judgment debtor.

The grounds for the injunction, as set forth in the petition, are: 1st. A denial of the right of the Sheriff to seize and sell the judgment under defendant's execution. 2d. A denial of the right of the Sheriff of the parish of Jefferson to seize and sell any kind of property in the parish of Orleans; and a special allegation that the judgment seized, was situated in the parish of Orleans.

The first question is, whether the plaintiff was so possessed of the incorporeal right assigned to him by *Hayden*, as to permit its seizure by the defendant under his execution. The delivery which is essential to vest a complete title as regards third persons in the transferree of a debt not evidenced by a negotiable instrument, is effected by giving notice to the debtor of the transfer having taken place. C. C. Art. 2613. The knowledge which it is shown the judgment debtor's attorney of record had of the transfer, does not answer the requisite of the law in this respect, and there is no doubt the judgment transferred to the plaintiff, remained liable to seizure by the creditors of *Hayden*.

But it is contended on the part of the plaintiff, that the transfer as between *Hayden* and the plaintiff was complete, and that the plaintiff has therefore the same right that *Hayden* would have to object to irregularities in the proceedings, by which the Sheriff was attempting to effect a sale of the judgment. It was held in the case of *Yeatman* v. *Estill*, 3d Ann. 222, that a party who had intervened in an attachment suit, claiming the debt attached under the previous assignment, and had failed to establish an assignment complete as to third persons, according to Art. 2613, could not object to the mode in which the writ of attachment had been executed. The same principle must govern in the present case. The plaintiff having no such title to the judgment seized, as can be opposed to third persons, he cannot be permitted to interfere with others in the exercise of their rights as creditors of the transferor. The result of the sale by the Sheriff, if irregular, may be that the purchaser will acquire no right to the judgment, and the plaintiff may perfect his title by giving notice of his transfer to the judgment debtor, and acquire thereby a better right to be paid by him, but as the facts now exist, he is without any right to obstruct the defendant in the prosecution of his judgment. It is therefore unnecessary to express any opinion as to the right of the Sheriff of the parish of Jefferson to execute process of the Third Judicial District Court, within the limits of the parish of Orleans, after the city of Lafayette, where that court was located, had become incorporated within the limits of the parish of Orleans, by the adoption of the present Constitution.

We think the injunction ought to have been dissolved.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed and annulled; that the injunction be dissolved, and the suit dismissed; and that plaintiff pay the costs in both courts.